

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY HOANG LE, | No. 11-57151 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-01083-AG-AN |
| v. | |
| BANK OF AMERICA, NA; PRLAP, INC., Trustee, | MEMORANDUM[*] |
| Defendants - Appellees | |
| and | |
| BAC HOME LOANS SERVICING, LP, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nancy Hoang Le appeals pro se from the district court's judgment dismissing her foreclosure-related action alleging a violation of Federal Rule of Civil Procedure 11(b) and various provisions of state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed the action as precluded by the doctrine of res judicata (claim preclusion) because Le alleged claims arising out of the same loan transaction and related foreclosure proceedings against the same defendant, or an entity in privity with the current defendants, in two prior federal actions in which there were final judgments on the merits. *See id.* at 956-57 (setting forth the elements of the doctrine of res judicata, and noting that it bars subsequent litigation of both claims that were raised and that could have been raised in the prior action); *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 714 (9th Cir. 2001) (unless otherwise specified, dismissal with prejudice of an action for failure to prosecute operates as an adjudication on the merits for res judicata purposes).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Le's "Informal Request," filed November 20, 2013, is denied as moot.

**AFFIRMED.**